UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD LEWIS PRICE,

    Plaintiff,                      Civil Action No. 2:11-CV-11325
v.                                  HONORABLE DENISE PAGE HOOD
                                        UNITED STATES DISTRICT JUDGE

THIRD CIRCUIT COURT
CRIMINAL DIVISION,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL
## AND MOOTING MOTIONS

### I. INTRODUCTION

Curwood Lewis Price, ("Plaintiff"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a Notice of Lien and a document entitled "Enforcement of Lien." For the reasons stated below, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### II. STATEMENT OF FACTS

Plaintiff's complaint is rambling and difficult to understand, but it appears that plaintiff is alleging that the Wayne County Circuit Court Criminal Division has concealed the fact that they have retained a bond that plaintiff posted in a 1991

1

criminal case before that court.[1] Plaintiff seeks monetary damages.

### III. STANDARD OF REVIEW

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### IV. DISCUSSION

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984);

---

[1] Plaintiff does not specify the charges he was convicted of, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted in Case # 91-005290 of three counts of first-degree criminal sexual conduct and was sentenced to thirty to fifty years in prison.

*Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). Where a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

In the present case, plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Plaintiff, in fact has adequate post-deprivation remedies available in the Michigan courts. Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's bond money would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 Fed. Appx. 405, 407 (6th Cir. 2001). Because plaintiff has adequate post-deprivation remedies available to him in the State of Michigan, he cannot maintain an action in federal court against the defendant for failing to return his bond money.

### V.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 10, filed May 17, 2011]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

IT IS FURTHER ORDERED that Plaintiff's Enforcement of Lien is **DISMISSED. [Docket No: 9, filed May 17, 2011]**

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration **[Docket No. 12, filed June 6, 2011]** is **MOOT** given the Order Granting Application to Proceed Without Prepayment of Fees entered on June 16, 2011.

IT IS FURTHER ORDERED that the Motion for Expedited Hearing **[Docket No. 6, filed May 17, 2011]** is **MOOT.**

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

                                                **s/Denise Page Hood**
                                                **United States District Judge**

**Dated: June 30, 2011**

**I hereby certify that a copy of the foregoing document was served upon Curwood Price #220572, 141 First Street, Coldwater, MI 49036 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.**

                                                **s/LaShawn R. Saulsberry**
                                                **Case Manager**