UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD LEWIS PRICE,

    Plaintiff,

v.

Civil Action No. 2:11-CV-11325
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT COURT

THIRD CIRCUIT COURT
CRIMINAL DIVISION,

    Defendant,
_____/

## OPINION AND ORDER DENYING THE MOTIONS FOR A HEARING AND FOR RELIEF FROM JUDGMENT

On June 30, 2011, this Court denied plaintiff's civil rights complaint, in which he sought monetary damages, alleging that the Wayne County Circuit Court Criminal Division concealed the fact that they retained a bond that plaintiff posted in a 1991 criminal case before that court, in which he was convicted of first-degree criminal sexual conduct. Plaintiff has now filed a motion for a hearing and a related motion for relief from judgment. For the reasons that follow, the motions are DENIED.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

1

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
(6) any other reason justifying relief from the operation of the judgment.

In his motion for relief from judgment, plaintiff first alleges that his case was erroneously placed on this Court's docket as a habeas corpus action. This Court, however, became aware of that error and did not treat his case as a habeas corpus action.

Plaintiff next complains that this Court improperly re-characterized his action as being brought under 42 U.S.C. § 1983. Assuming that plaintiff sought to bring this complaint under another statutory section, he is unable to show that he was prejudiced by the Court's characterization of his complaint as being brought under Section 1983. This Court dismissed plaintiff's complaint because an unauthorized intentional deprivation of property by a state employee does not amount to a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). This Court dismissed the complaint because plaintiff failed to allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor did he indicate that he attempted to obtain relief from any court or tribunal in Michigan.

2

Lastly, plaintiff alleges that because of the passage of time, his remedies in Michigan are inadequate to compensate him for his loss. Plaintiff, however, has not attempted to seek relief for his claim with any Michigan tribunal. Plaintiff further admits that because he alleges that the defendant fraudulently concealed the withholding of his bond money, he would not be barred under the statute of limitations from seeking relief. A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). Because plaintiff is basically relitigating the merits of his claim, the motion will be denied.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for a Hearing **[Docket No: 17, filed July 18, 2011]** and the Motion for Relief From Judgment **[Docket No: 18, filed July 18, 2011] are DENIED.**

        S/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated: March 2, 2012

I hereby certify that a copy of the foregoing document was served upon Curwood Price #220575, 141 First Street, Coldwater, MI 49036 and counsel of record on March 2, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry  
        Case Manager